UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH B. DAVIS, JR., | ) | CASE NO. 1:24-cv-1533 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| ASHTABULA POLICE | ) | **OPINION AND ORDER** |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Kenneth Davis, Jr. ("Davis"), who is currently confined in the Cuyahoga County Jail, filed a prisoner civil rights complaint against the City of Ashtabula ("City"), the Ashtabula Police Department ("APD"), and the Ashtabula Municipal Jail ("Jail") pursuant to 42 U.S.C. § 1983. (Doc. 1.) For the following reasons Davis's complaint is DISMISSED. His motion to proceed *in forma pauperis* (Doc. 2) and motion for appointment of counsel (Doc. 3) are DENIED as moot.

**I.     BACKGROUND**

In his complaint, Davis states he "is an opioid user" and was subjected to cruel and unusual punishment while detained by the Ashtabula Police in the Jail. (*Id*. at 3.)[1] During his ten-day stay at the Jail, he was "not treated for alcohol withdrawals" or given "any medical treatment." (*Id.*) According to Davis, the Jail had no medical providers or staff on site. (*Id.*) Davis also states the City of Ashtabula arraigned him without counsel present and "doctored documents" stating otherwise. (*Id*.) For relief, Davis seeks a declaration that his constitutional rights were violated, a preliminary and permanent injunction ordering the City to have medical

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

staff at its holding facility, and compensatory and punitive damages totaling $150,000 from each Defendant. (*Id*. at 4.)

## II. STANDARD OF REVIEW

Federal district courts are expressly required under 28 U.S.C. § 1915(e) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service of any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The motion to dismiss standard under Fed. R. Civ. P. 12(b)(6) from *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. § 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill*, 630 F.3d at 471. To survive dismissal on initial review, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## III. ANALYSIS

Upon review, the Court finds Davis's complaint fails to state a plausible claim upon which the Court may grant relief. To state a claim under § 1983, a plaintiff must allege a deprivation of a right secured by the Constitution or laws of the United States "committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well-settled that police departments, jails, and governmental agencies are not legal entities subject to suit under § 1983. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) ("the Police Department was improperly included as a separate defendant in [a § 1983 case]"); *Marbry v. Corr. Med. Serv.*, No. 99-6706, 238 F.3d 422 (Table), 2000 WL 1720959, at *2, 2000 U.S. App.

LEXIS 28072, at *5 (6th Cir. Nov. 6, 2000) (holding a county jail "is not an entity subject to suit under § 1983"). Therefore, regardless of whether Davis sufficiently alleged a constitutional deprivation, his complaint fails to state a plausible 1983 action against APD and the Jail.

Davis's complaint also fails to state a plausible claim against the City. Local governments are subject to suit under § 1983 only when a plaintiff demonstrates that the government's official "policy" or "custom" caused the plaintiff to suffer a constitutional injury. *Winkler v. Madison Cnty.*, 893 F.3d 877, 901 (6th Cir. 2018) (citing *Jones v. Muskegon Cnty.*, 625 F.3d 935, 946 (6th Cir. 2010) ("Liability may be imposed on a [government] only when a [government] 'policy' or 'custom' caused the plaintiff's injury and a 'direct causal link' existed between the policy and the purported denial of the right to adequate medical care.")). A plaintiff must (A) identify the municipal policy or custom,[2] (B) connect the policy to the municipality, and (C) show that his particular constitutional injury was "incurred due to execution of that policy." *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 598 (6th Cir 2021) (citation omitted).

Davis alleges he was denied adequate medical care while incarcerated in the Jail and denied counsel at his arraignment. (*See* Doc. 1 at 3.) He has not alleged or identified any official "policy" or "custom" of the City, much less facts from which a reasonable inference could be drawn that any constitutional violation was linked to, or caused by, such a policy or custom. Davis's bare allegations that he was denied medical care and counsel are insufficient to state a plausible municipal policy claim against the City under § 1983.[3]

---

[2] "To show the existence of a municipal policy or custom, a plaintiff can identify: (1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations." *Winkler*, 893 F.3d at 901 (citing *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015)).

[3] Further, because he is no longer incarcerated in the Jail where he alleges unconstitutional conduct took place, Davis's requests for declaratory and prospective injunctive relief are moot.

## IV. CONCLUSION

For the foregoing reasons, Davis's complaint is DISMISSED pursuant to 28 U.S.C. § 1915A. In light of this dismissal, it is not necessary to address Davis's pending motions (Docs. 2, 3), which are DENIED as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be good faith.

**IT IS SO ORDERED.**

Date: April 29, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

---

*See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding prisoner's claim for declaratory and injunctive relief rendered moot when he was no longer housed at the facility giving rise to lawsuit).